# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| BRUCE GENTRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. <u>5:18-cv-20</u> |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| EPSI, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Bruce Gentry, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against defendant EPSI, Inc., alleges as follows:

1.  Defendant operates approximately 27 Domino's Pizza franchise stores in Texas and one Domino's Pizza store in Arkansas. Defendant employs delivery drivers who spend at least 20% of their work time performing non-tipped duties. But, Defendant pays its delivery drivers a sub-minimum tipped wage for *all* of their work time in violation of the U.S. Department of Labor's "20% rule."

2.  Defendant's delivery drivers drive their own automobiles to deliver pizza and other food items to Defendant's customers. Instead of reimbursing its delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant utilizes a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the

drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

3.   Plaintiff Bruce Gentry brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid wages owed to himself and similarly situated delivery drivers employed by Defendant.

## Jurisdiction and Venue

4.   The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

5.   Venue in this District is proper under 28 U.S.C. § 1391 because Defendant employed Plaintiff in this District, Defendant operates Domino's Pizza franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

6.   Defendant EPSI, Inc. is a Texas corporation that maintains its principal place of business in De Soto, Texas.

7.   Plaintiff Bruce Gentry was employed by Defendant as a delivery driver from approximately September 2015 to October 2017 at its Domino's Pizza store in Mt. Pleasant, Texas, which is located within this Division. Mr. Gentry's consent to bring this action pursuant to 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

## General Allegations

### *Defendant's Business*

8.   Defendant owns and operates approximately 27 Domino's Pizza franchise stores in Texas and one Domino's Pizza store in Arkansas.

9.   Defendant's Domino's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

10. Defendant's delivery drivers all spend more than 20% of their work time in their pizza shops performing non-tipped duties that are routinely assigned, such as answering telephones, preparing food orders, preparing ingredients, folding pizza boxes, washing dishes and cleaning.

### *Defendant's Pay Practices*

11. Defendant has paid its delivery drivers sub-minimum tipped wages of approximately $6.00 per hour for *all* their work time, including all time the delivery drivers spent performing non-tipped duties.

### *Defendant's Flawed Reimbursement Policy*

12. Defendant requires its delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

13. Defendant's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendant.

14. Defendant's delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but given the distance of the average delivery the per-delivery reimbursement equates to a per mile rate far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's delivery drivers.

15. The result of Defendant's delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

16. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.535 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the American Automobile Association ("AAA"), have determined that the average cost of owning and operating a vehicle ranged between $.531 and $.580 per mile during the same years for drivers who drive a sedan 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

17. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

18. Defendant's reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendant uniformly fails to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

19. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages they pay to Plaintiff and Defendant's other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

20. Defendant fails to reasonably approximate the amount of its drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

21. In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### Defendant's Failure to Reasonably Reimburse Automobile
### Expenses Causes Minimum Wage Violations

22. Regardless of the precise amount of the reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

23. Defendant paid Plaintiff Gentry a cash wage of $6.00 per hour during his employment, plus a purported tip credit applicable to all of his work time that supposedly increased Plaintiff Gentry's wages to $7.25 per hour.

24. The federal minimum wages has been $7.25 per hour since July 24, 2009.

25. During Plaintiff's employment by Defendant, the per-delivery reimbursement rate at the store where Plaintiff worked was $1.00 for the first delivery on a trip, $.85 for the second delivery on a trip, and $.75 for each additional delivery on a trip.

26. Plaintiff's weighted average reimbursement rate per delivery was approximately $.94 per delivery ((65% x $1.00) + (30% x $.85) + (5% x $.75) = $.94).

27. During his employment with Defendant, Plaintiff Gentry experienced an average round-trip delivery distance of about 5 miles per delivery.

28. Thus, during the applicable limitations period, Defendant's average effective reimbursement rate for Plaintiff Gentry was approximately $.19 per mile ($.94 per delivery / 5 average miles per delivery).

29. During the recovery time period, the lowest IRS business mileage reimbursement rate has been $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. Using that IRS rate as a reasonable approximation of Plaintiff Gentry's automobile expenses, every mile driven on the job decreased his net wages by approximately $.345 ($.535 - $.19) per mile. Considering Plaintiff Gentry's estimate of approximately 5 average miles per delivery, Defendant under-reimbursed him about $1.725 per delivery ($.345 x 5 miles).

30. During his employment by Defendant as a Delivery Driver, Plaintiff Gentry typically averaged approximately 2 deliveries per hour.

31. Thus, Plaintiff Gentry consistently "kicked back" to Defendant $3.45 per hour ($1.725 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $3.80 ($7.25 per hour - $3.45 kickback), presuming for this purpose that Defendants' tip credit did not violate the "20% rule."

32. All of Defendant's delivery drivers had similar experiences to those of Plaintiff Gentry. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar

distances and at similar frequencies; and were paid similar cash wages before deducting unreimbursed business expenses.

33. Because Defendant paid its delivery drivers a gross hourly wage equal to, or at least very close to, the federal minimum wage (presuming for this purpose that Defendant's tip credit was lawful), and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

34. While the amount of Defendant's actual reimbursements per mile may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all delivery drivers at all of its other Domino's Pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

35. Defendant's low reimbursement rates were a frequent complaint of at least some of Defendant's delivery drivers, including Plaintiff, yet Defendant continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

36. The net effect of these policies is that Defendant willfully fails to pay the federal minimum wage to its delivery drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

## Collective Action Allegations

37. Plaintiff brings his claims under the FLSA as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

38. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

39. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via mail or e-mail.

40. Plaintiff and all of Defendant's delivery drivers are similarly situated in that:

   a.   They have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

   b.   They have spent more than 20% of their work time performing non-tipped duties that are routinely assigned;

   c.   They have been paid a similar sub-minimum tipped wage for all of their work time, including time spent performing non-tipped duties;

   d.   They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

e.  Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

f.  They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

g.  They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

h.  They were subject to the same pay policies and practices of Defendant;

i.  They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks; and

j.  They were reimbursed similar amounts of automobile expenses.

**Count I: Violation of the Fair Labor Standards Act of 1938 by Paying Sub-Minimum Wages for Time Spent Performing Non-Tipped Duties**

41. Plaintiff reasserts and re-alleges the allegations set forth above.

42. Defendant is subject to the FLSA's minimum wage requirements because it is engaged in interstate commerce, and its employees are engaged in commerce.

43. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

44. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

45. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

46. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009. *Id.*

47. Employees who spend more than 20% of their work time performing non-tipped duties that are routinely assigned, such as general preparation and maintenance work, cannot be considered "tipped employees" with respect to whom the employer may utilize a tip credit during the time spend performing non-tipped duties. 29 C.F.R. § 531.56(e); DOL Field Operations Handbook § 30d00(e).

48. Plaintiff and Defendant's other delivery drivers have engaged in non-tipped general preparation and maintenance activities that consumed more than 20% of their work time, such as answering telephones, preparing orders, preparing ingredients, folding pizza boxes, washing dishes and cleaning.

49. Defendant has not paid its delivery drivers the full applicable minimum wage for the time they have spent performing these non-tipped general preparation and

maintenance tasks; consequently, Plaintiff and the other delivery drivers consistently worked without required pay.

50. Plaintiff and all similarly situated delivery drivers are entitled to damages equal to the mandated full minimum wage and the tip credit wage provided within the three years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for whether its conduct was prohibited by the FLSA.

51. Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated delivery drivers are entitled to recover an award of liquidated damages in an amount equal the full minimum wage and the tip credit wage for all time spent performing non-tipped duties. Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds in failing to pay the minimum wage, Plaintiff and all similarly situated delivery drivers are entitled to an award of prejudgment interest at the applicable legal rate.

52. As a result of the aforesaid willful violations of the FLSA's pay provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated delivery drivers. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated delivery drivers demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II: Violation of the Fair Labor Standards Act of 1938 by Paying Sub-Minimum Net Wages After Deducting Un-Reimbursed Vehicle Expenses

53. Plaintiff reasserts and re-alleges the allegations set forth above.

54. As alleged herein, Defendant has reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

55. Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

56. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

57. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendant's stores.

58. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

59. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant is not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

60. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count II of this Complaint Plaintiff and all similarly situated delivery drivers demand judgment against Defendant and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b)

of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Dated: February 7, 2018                                Respectfully submitted,


/s/ J Forester_____
**Forester Haynie PLLC**
J. Forester
Texas Bar No. 24087532
1701 N. Market St. #210
Dallas, TX 75202
Telephone: (214) 210-2100
jay@foresterhaynie.com

**PAUL LLP**
Richard M Paul III
(*pro hac* application forthcoming)
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone:    (816) 984-8100
Rick@PaulLLP.com

**WEINHAUS & POTASHNICK**
Mark A. Potashnick
(*pro hac* application forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone:    (314) 997-9150
markp@wp-attorneys.com
**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document will be served on Defendant with the summons for this lawsuit.

/s/ J Forester_____