UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| BRUCE GENTRY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:18-cv-00020 (RWS) |
| v. | ) | |
| | ) | |
| EPSI, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION TO APPROVE STIPULATED
FORM OF NOTICE OF COLLECTIVE ACTION AND
<u>STAY LITIGATION PENDING MEDIATION</u>**

The parties respectfully request, as a means of facilitating potential settlement of the claims in this lawsuit, that the Court approve the Notice of Collective Action to current and former delivery drivers employed by Defendant, attached hereto as Exhibit A, and to stay litigation pending mediation, in support thereof state:

1. Plaintiff filed his Complaint under the Fair Labor Standards Act ("FLSA") and requested that the case proceed as a collective action under 29 U.S.C. § 216(b) on behalf of all delivery drivers of Defendant who consent to join this action.

2. After discussions between counsel for the parties, as a means of facilitating potential settlement, the parties have agreed and stipulated to the following:

    a. Defendant consents to an Order conditionally certifying this case as a collective action under the FLSA and authorizing that the notice attached hereto as Exhibit A be sent to all current and former delivery drivers employed by

    Defendant within three years preceding the Court's Order approving notice. The parties agree that Defendant's stipulation to conditional certification shall not be construed as an admission that liability exists for any period of time, including but not limited to, the third year.

b. Notwithstanding this stipulation to conditional certification, the parties acknowledge that, in the event this case does not settle, Plaintiff retains the burden to move for and obtain final collective action certification, and Defendant reserves the right to oppose that motion, and to file its own motion to decertify the collective action.

c. The parties agree that only one copy of the notice attached hereto as Exhibit A shall be sent by U.S. Mail to all current and former delivery drivers employed by Defendant within the three years preceding the Court's Order approving notice, unless the notice is returned as undeliverable or a driver requests a second copy. In the event the notice is returned as undeliverable, the parties agree that further attempts to deliver the notice may be made as agreed to by counsel. The parties agree that notice shall only be sent to current and former delivery drivers employed by Defendant during the time Defendant owned its stores.

d. The parties respectfully request that the Court stay these proceedings (including Defendant's obligation to file an Answer to the Complaint) while

they attempt to reach a settlement. If settlement is not achieved, the parties request the Court set a date for a proposed scheduling order and case management conference after they notify the Court that settlement efforts were unsuccessful.

e. Defendant agrees to produce to Plaintiff, within thirty (30) days following the Court's Order approving notice, an Excel spreadsheet listing the names, last known addresses, telephone numbers, date of birth (for address verification purposes), employee ID number, dates of employment as a delivery driver, store location and store number for all delivery drivers who worked for Defendant within the three years preceding the Court's Order approving notice. Plaintiff shall have 14 days after receipt of the spreadsheet to mail the notice.

f. Defendant agrees to produce in Microsoft Excel format payroll, delivery and reimbursement data for all opt-in Plaintiffs within 30 days of the close of the opt-in period. Defendant also agrees to produce documents relating to their delivery driver reimbursement policy. The parties agree that they will work cooperatively if there are difficulties in meeting this deadline and the pre-mediation exchange of information contemplated by this paragraph.

  g. The parties shall mediate with William "Bill" Lemons, mediator, within thirty (30) days of Plaintiff's counsel's receipt of such data, or another mediator mutually agreed-upon.

WHEREFORE, the parties respectfully request that the Court enter an order approving the stipulations contained herein and the notice of collective action attached hereto as Exhibit A.

Dated: April 16,, 2018            Respectfully submitted,

| | |
|---|---|
| **PAUL LLP** | **FISHER & PHILLIPS LLP** |
| Richard M. Paul III | Kathleen McLeod Caminiti |
| (admitted *pro hac vice*) | (*pro hac vice* application forthcoming) |
| 601 Walnut, Suite 300 | 430 Mountain Avenue, Suite 303 |
| Kansas City, Missouri 64106 | Murray Hill, NJ 07974 |
| Telephone: (816) 981-8100 | Telephone: (908) 516-1062 |
| Facsimile: (816) 981-8101 | Facsimile: (908) 516-1101 |
| rick@paulLLP.com | kcaminiti@fisherphillips.com |
| | |
| **WEINHAUS & POTASHNICK** | **FISHER & PHILLIPS LLP** |
| */s/ Mark Potashnick* | */s/ Arthur Lambert* |
| Mark A. Potashnick | Arthur V. Lambert |
| (admitted *pro hac vice*) | 500 North Akard St., Suite 3550 |
| 11500 Olive Blvd., Suite 133 | Dallas, TX 75201 |
| St. Louis, Missouri 63141 | Telephone: (214) 220-8324 |
| Telephone: (314) 997-9150 | Facsimile: (214) 220-9122 |
| Facsimile: (314) 997-9170 | |
| markp@wp-attorneys.com | **ATTORNEYS FOR DEFENDANT** |

**FORESTER HAYNIE PLLC**
Jesse H. Forester
1701 North Market St., Suite 210
Dallas, Texas 75202
Telephone: (214) 288-8519
Facsimile: (214) 346-5905
**ATTORNEYS FOR PLAINTIFFS**